IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CASE NO. 3:15CV450

| | |
|---|---|
| United States of America<br><br>v.<br><br>Approximately $60,424.52 in funds seized from Bank of America Account XXXXXXXX7324, such account held in the name of Berkeley Hughes & Associates, LLC; et. al. | **CONSENT ORDER AND JUDGMENT FOR CLAIM OF HALDREN CLARK** |

THIS MATTER is before the Court by consent of the United States of America, by and through Jill Westmoreland Rose, United States Attorney for the Western District of North Carolina and Claimant Haldren Clark ("Claimant"), through counsel, pursuant to 18 U.S.C. § 983(d) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The Government and Claimant have consented to this Consent Order for Third Party Claim as a final adjudication and settlement of all matters with regard to forfeiture of the property identified in this case.

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. The Government has alleged in the Complaint for Forfeiture *In Rem* (Doc. 1) that the property identified in the Complaint, consisting of seized funds and a boat, constitutes or is derived from fraud proceeds and/or property involved in money laundering. The Government has identified numerous transactions in the property and this Court has authorized the seizure of the property.

2. On or about November 10, 2015, Claimant filed a Verified Claim (Doc. 9 and in

duplicate at Doc. 11) purporting to establish her interest in (1) $83,000 of the $282,416.11 seized from State Employees' Credit Union Account XXX5092 ("SECU Account 5092"), such account held in the name of an individual identified as HC, Cedric Clark, and an individual identified as DC and (2) the entirety of the $2,865.35 in funds seized from State Employee's Credit Union Account XXX8511 ("SECU Account 8511"), such account held in the name of an individual identified as HC, Cedric Clark, and an individual identified as DC. In essence, without challenging or agreeing with the allegations about the offenses that form the basis of the forfeiture action, Claimant argues that some of the funds are nonetheless hers by virtue of various moneys inherited by her from her husband and her own retirement contributions, all of which were commingled with the funds purportedly involved in money laundering. Claimant also states under penalty of perjury that she did not know that moneys were deposited and withdrawn from her accounts through unlawful means.

3.  On or about October 16, 2015, Cedric D. Clark and Berkeley Hughes & Associates ("Berkeley") filed a Claim (Doc. 5) for the entirety of the assets in this case, including the same funds to which Claimant asserts an interest. However, Cedric Clark and Berkeley have now filed a Withdrawal of Claim to the extent that they claim an interest in the same funds that the United States has agreed to turn-over to Claimant pursuant to the terms of this Consent Order.

4.  As of the last day to file claims, December 8, 2015, no other party has filed a claim for the funds in which Claimant asserts an interest.

5.  The Government has, after reviewing Claimant's statements under penalty of perjury and the materials that she provided, conducted a tracing analysis on Claimant's Claim. Based on that analysis, the Government has determined that, contrary to Claimant's tracing analysis, (1) only $60,207.53 of the $282,461.11 in funds seized from SECU Account 5092 and (2)

only $2,519.35 of the $2,862.35 in funds seized from SECU Account 8511 are derived from Claimant's funds ($62,726.88 in funds traced to Claimant collectively referred to herein as "Traced Funds"). Further, as of the date on which this Consent Order was signed by Government counsel, Government counsel has not obtained information to dispute Claimant's purported lack of knowledge of the offenses set forth in the Complaint.

6. Claimant agrees with the Government's tracing analysis. The Government agrees to turn-over the Traced Funds to Claimant based on the agreements, stipulations, and order proposed herein.

7. By entering into this Consent Order, Claimant agrees to, upon receipt of the Traced Funds, release and forever discharge her interest in all property in this case. In exchange for release of the interest, the Government agrees to pay Claimant the Traced Funds.

8. The payment to Claimant shall be in full settlement and satisfaction of all claims by Claimant in this action and all claims against the United States resulting from the incidents or circumstances giving rise to this action.

9. Claimant agrees not to pursue against the United States any rights that she may have to the property in this case. Claimant agrees to consent to any Government motion for forfeiture of any and all property in this case, other than the Traced Funds. Claimant understands and agrees that the United States reserves the right to terminate the forfeiture action at any time.

10. The Government and Claimant waive any rights to further litigate between each other in this forfeiture action and agree that this Consent Order for Third Party Claim of Haldren Clark shall be in full settlement and satisfaction of all claims between Claimant and the Government in this forfeiture action.

11. Unless specifically directed by an order of the Court, Claimant shall be excused and relieved from further participation in this action.

**IT IS THEREFORE ORDERED THAT:**

Based upon the stipulations of the parties herein that Claimant satisfies one or more prongs of 18 U.S.C. § 983(d)(2) and (3), and because there are no other competing claims to the Traced Funds, the Claim is granted to recognize that Claimant has an interest in (1) $60,207.53 of the $282,461.11 in funds seized from SECU Account 5092 and (2) $2,519.35 of the $2,862.35 in funds seized from SECU Account 8511. Further, the Government is authorized to turn-over these $62,726.88 in Traced Funds to Claimant.

The Government and Claimant shall bear their own fees and costs incurred in this federal forfeiture action, including attorneys' fees.

Signed this 18th day of August, 2016

ROBERT J. CONRAD
UNITED STATES DISTRICT JUDGE

ON MOTION OF AND
BY CONSENT OF THE PARTIES:

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

Dated: 8/10/16

Benjamin Bain-Creed
Assistant United States Attorney

Dated: 6-30-16

Haldren Clark
Claimant

Dated: 6-30-16

Samuel Winthrop, Esq.
Attorney for Claimant